J-S62027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN MAURICE BARRY-GIBBONS | |
| Appellant | No. 543 WDA 2015 |

Appeal from the PCRA Order March 10, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000405-2007

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 19, 2015**

Appellant Stephen Maurice Barry-Gibbons appeals from the order of the Erie County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.    We affirm.

This Court previously set forth the relevant facts as follows:

> On January 3, 2007, Lieutenant Michael Nolan of the Erie Police Department applied for and was granted a search warrant for Appellant's residence at 1015 East 5th Street in Erie.   Lt. Nolan's affidavit of probable cause relied heavily on information provided by a confidential informant, who[m] he deemed reliable based on the fact that the confidential informant previously provided information leading to fifteen felony drug arrests and fourteen convictions.   Within the two weeks prior to the issuance of the search warrant, the confidential informant

_____

[*] Retired Senior Judge assigned to the Superior Court.

made a controlled buy from Appellant at a location other than the residence on East 5th Street. Thereafter, the confidential informant informed Lt. Nolan that Appellant was now dealing drugs out of his current residence at 1015 East 5th Street. The confidential informant also told Lt. Nolan that within the past forty-eight hours, he had been in Appellant's East 5th Street residence and observed Appellant in possession of a baggie of crack cocaine and [a] small handgun. Lt. Nolan had the confidential informant conduct a controlled buy of crack cocaine from Appellant within twenty-four hours prior to the issuance of the search warrant. During the controlled buy, the confidential informant observed additional amounts of crack cocaine inside Appellant's residence. Based on the above information, Lt. Nolan obtained a search warrant for Appellant's residence as well as his person.

Prior to executing the search warrant, several other officers set up surveillance of Appellant's residence on East 5th Street at around 8:00 a.m. Lt. Nolan joined the surveillance team at approximately 10:00 a.m. and remained there until approximately 12:30 p.m. During that time, Lt. Nolan did not observe Appellant entering the apartment, though he did see Appellant exit the apartment. Lt. Nolan testified that he did not execute the search warrant during that time for safety reasons. Specifically, Lt. Nolan believed Appellant was also under investigation for a drug-related homicide by a different police department.

Accordingly, Lt. Nolan waited for Appellant to exit the residence to execute the search warrant. Thereafter, police officers stopped the vehicle in which Appellant was a passenger and conducted a search of his person, finding a small baggie of crack-cocaine and a digital scale covered in crack-cocaine residue. A search of Appellant's residence led to the discovery, in a bedroom, of an estimate for auto work, as well as a lease listing Appellant as a tenant. In that same bedroom, police discovered various drugs as well as a loaded firearm.

Prior to trial, Appellant filed a motion to suppress the evidence discovered on his person and in the residence. In his motion, Appellant argued that the search warrant was not supported by probable cause, and further that the

police exceeded the scope of the search warrant by stopping the vehicle in order to search his person. The trial court denied the motion to suppress. Following a bench trial, Appellant was found guilty of three counts of possession of a controlled substance, three counts of possession with intent to deliver, possession of drug paraphernalia, and two counts of criminal conspiracy. On January 11, 2010, Appellant was sentenced to an aggregate term of four to fifteen years' incarceration.

*Commonwealth v. Barry- Gibbons*, 173 WDA 2010, at *2-4 (Pa. Super. 12/21/2010) (internal citations omitted). This Court affirmed Appellant's judgment of sentence on December 21, 2010.

Appellant filed a PCRA petition seeking reinstatement of his right to appeal to the Supreme Court of Pennsylvania nunc pro tunc, which the PCRA court granted. Appellant filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied on March 14, 2013.

From April 11, 2013 through July 15, 2013, Appellant sent *pro se* filings to the trial court, including a motion for extraordinary relief, a writ of habeas corpus, and a "motion for Post Conviction Relief Act Discovery Rule 902(e)(1), Pa.R.Crim.Proc.," which were sent to his attorney.[1] On June 3, 2014, Appellant filed a motion entitled "request for a *Grazier*[2] hearing and in accordance with *Faretta v. California*."[3] The PCRA court appointed

_____

[1] The trial court states Appellant also filed a motion for extraordinary relief on April 11, 2013. However, a copy of this document is not contained in the certified record, and the docket does not reflect an April 11, 2013 filing.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa.1998).

[3] 422 U.S. 806, 95 S.Ct. 2525 (2012).

counsel. On October 10, 2014, counsel filed a supplemental PCRA petition. On December 22, 2014, the PCRA court held an evidentiary hearing. On March 10, 2015, the court denied the PCRA petition.

Appellant filed a timely notice of appeal. On April 22, 2015, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On April 23, 2015, the trial court issued its Rule 1925(a) opinion incorporating its March 10, 2015 opinion and final order.

Appellant raises the following issue on appeal:

> I. Did the [trial court] commit an abuse of discretion and reversible error by failing to grant [Appellant] a new trial due to ineffective assistance of trial counsel?

Appellant's Brief at 1.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.2014) (quoting ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating

ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279). "To demonstrate prejudice, the petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Spotz*, 84 A.3d at 312 (quoting *Commonwealth v. King*, 57 A.3d 607, 613 (Pa.2012)). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa.2014)).

Appellant first maintains pre-trial counsel[4] was ineffective for failing to present his co-defendant Javon Franklin as a witness at the pre-trial suppression hearing. Appellant's Brief at 4.

To establish an ineffective assistance of counsel claim for failure to call a witness, the petitioner must prove: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial."

_____

[4] Appellant was represented by different counsel at the pre-trial and trial phases of his prosecution.

- 5 -

*Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa.2009) (quoting *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007)).

At the evidentiary hearing, Appellant and Stephanie Barry testified that they asked Appellant's counsel to subpoena Franklin for the pre-trial hearing, and counsel agreed to do so. N.T., 12/22/2014, at 5-7, 12-14. Appellant, Barry, and Franklin stated that Franklin would have testified at the suppression hearing that the drugs found during the search were his drugs, not Appellant's. *Id.* 7-8, 13-14, 27. Appellant's counsel, however, stated that he did not inform anyone that he would call Franklin and stated Franklin's testimony was irrelevant for pre-trial purposes. *Id.* at 42-43.

The trial court credited Appellant's counsel, including his testimony that he did not inform Appellant that he would subpoena Franklin. Further, the trial court found counsel had a reasonable basis for not calling Franklin, i.e.,

> because his proffered testimony had no relevancy at the suppression hearing on [Appellant's] challenge to the search warrant (i.e., four corners of the affidavit) or the traffic stop. Rather, Franklin's testimony involved [Appellant's] defense of lack of culpability, which was a trial matter and not cognizable in a suppression hearing.

Opinion and Final Order, 3/10/2015, at 5. The trial court further found Appellant was not prejudiced because Franklin testified at trial. The trial court did not err in its analysis, and Appellant's counsel ineffectiveness claim fails.

Appellant next claims trial counsel was ineffective for failing to interview Appellant until the day before trial, failing to interview trial witnesses prior to trial, failing to request that the trial judge recuse himself, and failing to investigate or challenge a discrepancy in the weight of the drugs at issue. Appellant's Brief at 5.

Appellant maintains the PCRA court erred in accepting trial counsel's testimony that he spoke with Appellant twice before trial and that he spoke with trial witnesses, Barry and Franklin, prior to trial. He claims counsel's testimony was contradicted by the testimony of Appellant, Barry and Franklin. Appellant's Brief at 5. The PCRA court found:

> At the evidentiary hearing, Attorney Williams credibly testified that he spoke with [Appellant] on at least two prior occasions before trial. Furthermore, Attorney Williams stated that he spoke with both Stephanie Barry and Javon Franklin several times before trial, and both witnesses testified consistently with what they told him during their pre-trial discussions. [Appellant's] claims that Attorney Williams failed to meet with him or speak with his witnesses are meritless.

Opinion and Final Order at 6. We are bound by the PCRA court's credibility determinations, which are supported by the record. *See, e.g., Spotz*, 18 A.3d at 259. The PCRA court did not err in finding counsel was not ineffective.

Appellant next maintains trial counsel was ineffective for failing to seek recusal of the trial judge, who presided over the suppression hearing and the bench trial. Appellant's Brief at 5-6. The Supreme Court of Pennsylvania has found a trial judge must recuse only if a defendant demonstrates

"substantial doubt as to the judge's ability to preside impartially." ***Commonwealth v. Reyes***, 870 A.2d 888, 897-98 (Pa.2005). It further noted that recusal is unnecessary merely because a trial judge was involved in a pre-trial proceeding. ***Id.***

The trial court found:

> [T]he record is devoid of any evidence that [Appellant] desired [the trial c]ourt's recusal or that the [c]ourt was unable to preside impartially during the trial. At the evidentiary hearing, [counsel] testified that he spoke with [Appellant] before trial and at no time did [Appellant] request a recusal or jury trial. [Counsel] advised [Appellant] that a non-jury trial before [the trial c]ourt was the better option, and [Appellant] agreed.
>
> Furthermore, similar to ***Reyes***, [the trial c]ourt presided over the suppression hearing and [Appellant] informed [the trial c]ourt before trial that he desired to proceed non-jury before the [c]ourt. Unlike ***Reyes***, none of the evidence was suppressed pre-trial. Nevertheless, at the non-jury trial, [counsel] objected to the admission of the probable cause section of the warrant as it contained information from a third party that would not be testifying. [The trial c]ourt admitted the warrant itself and inventory but removed Exhibit A (the affidavit) from evidence. [The trial c]ourt noted it would not consider the affidavit. [The trial c]ourt also informed [Appellant] that although it previously reviewed it at the suppression hearing, it would not be admissible during a jury trial and therefore, asked [Appellant] if he still wanted to proceed non-jury before the [c]ourt. [Appellant] noted that he wanted to continue before [the trial c]ourt. As there is no evidence that that [Appellant] desired [the trial c]ourt's recusal or that the [c]ourt was unable to preside impartially during the trial, this claim is meritless.

Opinion and Final Order, 3/10/2015, at 7 (internal citations omitted). This was not error.

- 8 -

Appellant's final claim is that counsel erred in not challenging a discrepancy in the weight of the drugs at issue. Appellant's Brief at 5. The trial court found:

> Regarding a drug weight discrepancy, this matter was addressed at the non-jury trial. Before the Commonwealth rested, it noted that the criminal information charged 220.48 grains of cocaine but the total weight was actually 220.35 grams. As noted by [defense counsel], this was a small discrepancy that did not affect its admissibility. Accordingly, any claim related to [defense counsel's] ineffectiveness regarding the minimal weight discrepancy is meritless.

Opinion and Final Order, 3/10/2015, at 7-8 (internal citations omitted). This was not error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2015